UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ASHLEY ARIAS,

                        Plaintiff,

        -against-

DEVERE USA, INC., and DEVERE GROUP LTD,

                      Defendants.

Case No.: 1:18-cv-01913 (LTS-DCF)

**ANSWER AND
AFFIRMATIVE DEFENSES**

Defendant, deVere USA, Inc., ("Defendant"), by and through its undersigned counsel, as and for its Answer and Affirmative Defenses to Plaintiff's Complaint, pleads as follows.[1]  Any allegation not specifically addressed herein is denied.

## I. NATURE OF ACTION, JURISDICTION, AND VENUE

1.      Defendant denies that it violated the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq. (the "FLSA").  The remaining allegations of Paragraph 1 are legal conclusions, and therefore do not require an admission or denial by Defendant.

2.      The allegations of Paragraph 2 are legal conclusions, and therefore do not require an admission or denial by Defendant.

3.      The allegations of Paragraph 3 are legal conclusions, and therefore do not require an admission or denial by Defendant.

## II. PARTIES

1.      Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1, and therefore denies them and leaves Plaintiff to her proof.

---

[1] In the Complaint, Plaintiff conflates Defendant and deVere Group, Ltd., incorrectly referring to them as "deVere".  Defendant pleads on behalf of deVere USA, Inc. only.

2.      The allegations of Paragraph 2 are denied.

3.      The allegations of Paragraph 3 are admitted.

4.      Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 4, and therefore denies them and leaves Plaintiff to her proof.

5.      The allegations of Paragraph 5 are admitted.

6.      Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 6, and therefore denies them and leaves Plaintiff to her proof.

7.      Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 7, and therefore denies them and leaves Plaintiff to her proof.

8.      The allegations of Paragraph 8 are denied.

9.      The allegations of Paragraph 9 are denied.

10.     The allegations of Paragraph 10 are denied.

11.     The allegations of Paragraph 11 are denied.

12.     The allegations of Paragraph 12 are legal conclusions and Defendant therefore denies them and leaves Plaintiff to her proof.

13.     The allegations of Paragraph 13 are legal conclusions and Defendant therefore denies them and leaves Plaintiff to her proof.

### FACTUAL BACKGROUND

14.     The allegations of Paragraph 14 are denied.

15.     The allegations of Paragraph 15 are denied.

16.     The allegations of Paragraph 16 are denied.

17.     The allegations of Paragraph 17 are denied.

18.     Defendant admits that it employed Plaintiff as a Coordinator from approximately May 2014 until approximately January 2017.  The remaining allegations of Paragraph 18 are denied.

19.     The allegations of Paragraph 19 are denied.

20.     Defendant admits that, while Plaintiff was employed by Defendant, Plaintiff's job duties included, among other things, identifying and communicating with potential clients.  The remaining allegations of Paragraph 20 are denied.

21.     Defendant admits that it employed Plaintiff in its New York office from approximately May 20, 2014 to August 31, 2014, and then again from approximately October 1, 2015 until January 5, 2017.  The remaining allegations of Paragraph 21 are denied.

22.     Defendant admits that it employed Plaintiff in its San Francisco office from approximately September 1, 2014 to September 30, 2015.  The remaining allegations of Paragraph 22 are denied.

23.     The allegations of Paragraph 23 are denied.

24.     The allegations of Paragraph 24 are denied.

25.     The allegations of Paragraph 25 are denied.

26.     The allegations of Paragraph 26 are denied.

27.     The allegations of Paragraph 27 are denied.

28.     The allegations of Paragraph 28 are denied.

29.      Defendant admits that Plaintiff's initial annualized salary during her employment with Defendant as a Coordinator was $24,000, plus incentive compensation, and that her salary increased over time.  The remaining allegations of Paragraph 29 are denied.

30.      The allegations of Paragraph 30 are denied.

31.      The allegations of Paragraph 31 are denied.

32.      The allegations of Paragraph 32 are denied.

33.      The allegations of Paragraph 33 are denied.

34.      The allegations of Paragraph 34 are denied.

35.      The allegations of Paragraph 35 are denied.

36.      The allegations of Paragraph 36 are denied.

37.      The allegations of Paragraph 37 are denied.

38.      The allegations of Paragraph 38 are denied.

39.      The allegations of Paragraph 39 are denied.

40.      The allegations of Paragraph 40 are denied.

## SEPARATION AGREEMENT – EFFECT ON WAGE CLAIMS

41.      Defendant admits that, on or about January 2017, Plaintiffs employment with Defendant terminated.  The remaining allegations of Paragraph 41 are denied.

42.      The allegations of Paragraph 28 are denied.

43.      The Confidential Separation Agreement and General Release between Plaintiff and Defendant speaks for itself, and Defendant therefore leaves Plaintiff to her proof.  The remaining allegations of Paragraph 43 are denied.

44.      The Confidential Separation Agreement and General Release between Plaintiff and Defendant speaks for itself.   Defendant denies the remaining allegations.

45.     Defendant admits that Plaintiff signed and received payment under the Confidential Separation Agreement and General Release between Plaintiff and Defendant.  The remaining allegations of Paragraph 45 are denied.

46.     The allegations of Paragraph 46 are legal conclusions and Defendant therefore denies them and leaves Plaintiff to her proof.

47.     The allegations of Paragraph 47 are legal conclusions, and Defendant therefore denies them and leaves Plaintiff to her proof.

48.     The allegations of Paragraph 48 are legal conclusions and Defendant therefore denies them and leaves Plaintiff to her proof.

49.     The allegations of Paragraph 49 are legal conclusions and Defendant therefore denies them and leaves Plaintiff to her proof.

50.     The allegations of Paragraph 50 are legal conclusions and Defendant therefore denies them and leaves Plaintiff to her proof.

51.     The Confidential Separation Agreement and General Release between Plaintiff and Defendant speaks for itself, and Defendant therefore leaves Plaintiff to her proof.  The remaining allegations of Paragraph 51 are denied.

52.     The Confidential Separation Agreement and General Release between Plaintiff and Defendant speaks for itself, and other allegations of Paragraph 52 are legal conclusions, and Defendant therefore leaves Plaintiff to her proof.  The remaining allegations of Paragraph 52 are denied.

53.     The Confidential Separation Agreement and General Release between Plaintiff and Defendant speaks for itself, and Defendant therefore leaves Plaintiff to her proof.  The remaining allegations of Paragraph 53 are denied.

54.     Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 54, and therefore denies them and leaves Plaintiff to her proof.

55.     The allegations of Paragraph 55 are denied.

56.     Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 56, and therefore denies them and leaves Plaintiff to her proof.

57.     The allegations of Paragraph 57 are legal conclusions and Defendant therefore denies them and leaves Plaintiff to her proof.

58.     The allegations of Paragraph 58 are legal conclusions and Defendant therefore denies them and leaves Plaintiff to her proof.

### SEPARATION AGREEMENT – EFFECT ON ARBITRATION AGREEMENT

59.     Defendant admits that Plaintiff's employment agreements with Defendant contained arbitrations clauses.  The remaining allegations of Paragraph 59 are denied.

60.     The allegations of Paragraph 60 are legal conclusions and Defendant therefore denies them and leaves Plaintiff to her proof.

61.     The Confidential Separation Agreement and General Release between Plaintiff and Defendant speaks for itself, and Defendant therefore leaves Plaintiff to her proof.  The remaining allegations of Paragraph 61 are denied.

62.     The Confidential Separation Agreement and General Release between Plaintiff and Defendant speaks for itself, and Defendant therefore leaves Plaintiff to her proof.  The remaining allegations of Paragraph 62 are denied.

63.     The allegations of Paragraph 63 are legal conclusions and Defendant therefore denies them and leaves Plaintiff to her proof.

**COUNT I**
(Overtime Violations under the FLSA)

64.     Defendant repeats its responses to all prior allegations set forth above as if fully set forth herein.

65.     The allegations of Paragraph 65 are denied.

66.     The allegations of Paragraph 66 are denied.

67.     The allegations of Paragraph 67 are denied.

68.     The allegations of Paragraph 68 are denied.

69.     The allegations of Paragraph 69 are denied.

70.     The allegations of Paragraph 70 are denied.

**AFFIRMATIVE AND OTHER DEFENSES**[2]

**FIRST AFFIRMATIVE DEFENSE**

The Complaint fails to state a claim against Defendant upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

Upon information and belief, Plaintiff has failed to mitigate any alleged damages.

**THIRD AFFIRMATIVE DEFENSE**

Certain of Plaintiff's claims are barred by the applicable statute(s) of limitations.

**FOURTH AFFIRMATIVE DEFENSE**

Any violation by Defendant was not willful, and thus the statute of limitations should not be extended for three years.

---

[2] By pleading any matter as a defense, Defendant does not concede that it bears the burden of proof with regard to such matter.

## FIFTH AFFIRMATIVE DEFENSE

Defendant is, in whole or in part, exempted from liability pursuant to 29 U.S.C. § 254 and § 258.

## SIXTH AFFIRMATIVE DEFENSE

Any and all alleged acts or omissions by Defendant giving rise to the Complaint were done in good faith and based upon the reasonable belief that Defendant was not violating the FLSA, and, consequently, Plaintiff is not entitled to liquidated damages under 29 U.S.C. § 260.

## SEVENTH AFFIRMATIVE DEFENSE

If Defendant violated the FLSA or any other wage and hour law, rule or regulation, which Defendant denies, such violations were not done with malice, reckless indifference to the rights of the Plaintiff, or willfully within the meaning of 29 U.S.C. § 255(a).  Any violation by Defendant, which is denied, was not willful.

## EIGHTH AFFIRMATIVE DEFENSE

Defendant acted at all times in good faith and in accordance with all applicable local, state and federal laws, statutes, ordinances, rules, and regulations.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by Section 10 of the Portal-to-Portal Act, 29 U.S.C. § 259, because actions taken in connection with Plaintiff's compensation were done in good faith in conformity with and reliance upon written administrative regulations, orders, rulings, approvals, interpretations, and written and unwritten administrative practices or enforcement policies of the Administrator of the Wage and Hour Division of the U.S. Department of Labor.

### TENTH AFFIRMATIVE DEFENSE

At all or some material time, Plaintiff was exempt from the requirements of 29 U.S.C. § 207.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff was an employee employed in a bona fide executive, administrative or professional capacity, and as such is precluded from relief under the wage and hour laws.

### TWELFTH AFFIRMATIVE DEFENSE

Defendant and deVere Group, Ltd. may not be deemed Plaintiff's joint employer and are not jointly and severally liable to Plaintiff.

### THIRTEENTH AFFIRMATIVE DEFENSE

Defendant reserves the right to amend its answer, to add additional or other defenses, delete or withdraw defenses, or to add other clams as they may become necessary after reasonable opportunity for discovery.

Dated: May 21, 2018
        Hartford, CT

                                        Respectfully Submitted,
                                        CARLTON FIELDS JORDEN BURT, P.A
                                        *S/  Jonathan C. Sterling*
                                        Jonathan C. Sterling
                                        CARLTON FIELDS JORDEN BURT, P.A.
                                        One State Street, Suite 1800
                                        Hartford, CT 06103
                                        Telephone:  (860) 392-5042
                                        Facsimile:  (860) 392-5058
                                        Email: jsterling@carltonfields.com

Natalie A. Napierala
405 Lexington Ave., 36th Floor
New York, NY 10174-0002
Telephone:  (212) 785-2577
Facsimile:   (212) 785-5203
nnapierala@carltonfields.com

*Attorneys for Defendant deVere USA, Inc.*

## CERTIFICATE OF SERVICE

On behalf of Defendant deVere USA, Inc., I hereby certify that on May 21, 2018, I served a true and correct copy of the foregoing ANSWER AND AFFIRMATIVE DEFENSES via electronic mail upon counsel for Plaintiff at the following address: ndgrunfeld@katzmelinger.com.

Dated: May 21, 2018                     */s/ Jonathan C. Sterling*
                                        Jonathan C. Sterling